## Haag, et al v. Dixon, et al

(Decided January 28, 1913.)

### Appeal from Henderson Circuit Court.

1. Contracts—Specific Performance—Option Contract.—Where a party takes an option to purchase a boundary of land knowing at the time that the parties who give the option are not the owners of the entire tract, and there is no fraud, concealment or misrepresentation on their part, he cannot compel them to convey the interest they own or have performance other than according to the strict terms of his contract. A party who takes an option with his eyes open is not in a position to demand that the court shall modify the option for his benefit or protection. If he elects to exercise his option he must exercise it according to its terms, and the court will not change his option to the prejudice of the other party.

2. Contracts—Specific Performance—When Vendee Entitled to Compensation or Abatement.—Where a party obligates himself to convey a described boundary or tract of land, and the other party to the contract insists on performance, he is entitled to have performance according to the terms of the contract, or if the vendor cannot comply with the terms of the contract, he may have

what he can get and damages or abatement in the purchase price
as compensation for what he cannot get.

VANCE & HEILBRONNER, for appellants.

YEAMAN & YEAMAN, JOHN C. WORSHAM, for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Before and after 1907, Joseph C. Dixon, his wife, and two of his three children, who were adults, mortgaged land owned by them to the Ohio Valley Banking & Trust Company to secure loans made by it to Dixon in 1905, 1908 and 1911. On November 27, 1907, Dixon, his wife, and his two adult children entered into a contract with Frederick Haag, the appellant, by which they leased to him for a term of five years, beginning on January 1, 1908, their farm of 392 acres in Henderson county, in consideration of a rental of $1,140 a year. It was also provided in this contract that:

"The said lessee shall have the option to purchase the said farm at any time during the said lease at the price of $24,000, but the said Joseph C. Dixon reserves the right after the expiration of two years to withdraw the proposition to sell said farm to said Haag for $24,000 unless the said Haag after four months notice of such intention of said Dixon shall complete the purchase of said land by paying therefor the said sum of $24,000, or making other satisfactory arrangements for the purchase thereof."

In April, 1911, the banking and trust company brought its suit against the Dixons, making Haag and one Aaron Mann, assignee of Haag, parties, for the purpose of enforcing its mortgage lien upon the property. To this suit Haag and Mann filed their answer, which was made a cross petition against the Dixons.

In this pleading it was averred that Mann had acquired from Haag an interest in the lease contract and all the rights arising thereunder, and that they had frequently notified the Dixons in accordance with the provision of the contract giving Haag an option to purchase the land; that they were ready and willing to comply with the contract to purchase, and they asked a specific performance of the contract. They further set up in this pleading that Joseph C. Dixon had an infant daughter, Margaret Dixon, and that their offer to purchase the land under the option was conditional upon being protected against the interest of the infant, Margaret, who

had not joined in the contract, and who in fact was never made a party to these proceedings and is not a party to this appeal.

They further set up that under the written contract, as well as under a verbal contract made with Dixon, they had expended, in making improvements on the land during the term of the lease, $3,385.78, and they asked a judgment against the Dixons, excepting Margaret, for this amount, and also that they be adjudged a lien on the land to secure its payment.

After the case had been prepared for trial the Chancellor rendered a judgment dismissing the pleading of Mann and Haag in so far as it sought a specific performance of the contract giving them a right to purchase the land, but gave judgment against the Dixons, excepting Margaret, for $1,685.78, on account of improvements and repairs made by them on the land, and gave them a lien on the leased land, subject to the prior lien of the banking and trust company, to secure its payment. The judgment also provided for the enforcement of the lien of the banking and trust company and protected the interest of the infant, Margaret. From this judgment, Haag and Mann prosecute this appeal, and the Dixons prosecute a cross appeal from the judgment in favor of Haag and Mann against them on account of improvements and repairs, insisting that this judgment was for $359.78 more than it should have been.

As we understand the record there are only two questions for our consideration: (1) whether the judgment in favor of Haag and Mann against Dixon is larger than it should have been, and; (2) whether or not Haag and Mann are entitled to a specific performance of their contract with the Dixons.

So far as the judgment in favor of Haag and Mann against the Dixons is concerned, we are not disposed to disturb the finding of the Chancellor. This judgment involved a settlement of accounts between the parties and presented merely a question of fact, and while some of the items in the account were disputed by Dixon, the evidence that the amount allowed is correct is well sustained and we are not disposed to disturb the conclusion reached by the Chancellor.

On the question of Haag and Mann being entitled to a specific performance of the contract we have been furnished with elaborate briefs by the attorneys for Haag

and Mann and for the Dixons, but we think the matter is not difficult of solution. When the lease contract was made containing the clause giving Haag the right to purchase the property Margaret Dixon, the infant, and who is yet, as far as appears from this record, an infant, owned an interest in the land equal to the interest of the two other children of Joseph C. Dixon and this fact was well known at the time to Haag. Being an infant, she was of course not a party to the contract giving the option to purchase, and her rights could not be in any manner prejudiced by this contract or any other contract that the adult Dixons might have made.

The lease contract, or rather the clause we have quoted, contains the whole of the contract between the parties in respect to the option to purchase, and by this contract the right of Haag and his assignee are to be determined. It will be noticed that under this contract Haag had an option to purchase the farm at any time during the lease for $24,000, but Dixon reserved the right, after the expiration of two years, to withdraw the proposition to sell, and this withdrawal was to be final unless Haag, within four months after notice of the withdrawal, "shall complete the purchase of the said land by paying therefor the said sum of $24,000, or make other satisfactory arrangements for the purchase thereof."

The evidence shows that Haag, several times during the existence of the lease contract, and before the institution of this suit, in 1911, offered to take the land and pay therefor the $24,000, but it also appears that his proposition to purchase the land was always accompanied with the condition that he must be protected against the interest Margaret Dixon had in the land. The position of Haag is well illustrated by a letter appearing in the record that he addressed to Joseph C. Dixon in September, 1910. In this letter he said:

"You are hereby notified that as I informed you several months ago I am ready to complete the purchase and make the necessary payment on your farm   *   *   * under my contract with you for the purchase thereof, and hereby request that you prepare and deliver to me the proper deed therefor for the said farm.   *   *   * The proper provision should be made in the deed for protection against any interest that your infant daughter, Margaret, may have upon the land, as agreed upon at

the time the contract was entered into. The contract has been assigned by me to Aaron Mann, of Henderson, Kentucky, and the deed should be made to him.''

This proposition of Haag, electing to purchase the land, is not in conformity with the contract giving him the option to purchase. There is no provision in the option contract that Haag should be protected against the interests of Margaret Dixon, and while it may have been contemplated, as argued by counsel, by Joseph C. Dixon and Haag at the time the contract was made that in the event Haag purchased the land he should be protected against the interest of the infant, there is no provision in the contract giving him protection if he concluded to purchase, and the verbal understanding of Haag cannot vary the writing.

As further illustrating the position of Haag, he now insists that he was entitled, under his option contract, to have a specific conveyance ordered as against Joseph C. Dixon, his wife and the two adult children, leaving out the interest in the land to which the infant was entitled. In other words, the argument in his behalf is, that the lower court should have entered a judgment compelling Dixon, his wife, and his two adult children, to convey to him their interest in the land upon the payment to them of the value of their interest.

The serious objection to this argument is that the contract does not give Haag the right to demand a conveyance of any less than the whole of the land described in the contract. It is manifest that if the court should undertake to adjudge a specific performance as requested by Haag, it would be making for the parties a new contract, and this the court has no authority to do. The very contract, under which Haag is asserting the only right he has to specific performance, expressly provides that ''he shall have the option to purchase the said farm,'' not a part of it or the interest of some of the owners, but the entire farm, upon the payment of $24,000, and nowhere in the record do we find an unconditional offer on the part of Haag to purchase the farm at the price of $24,000.

Haag knew when the contract was made that the Dixons who signed it could not convey to him the whole of the land, they also knew they could not, and they did not agree to do so in the contract. It was optional with Haag whether he took the land or not. The Dixons

under the contract could not have compelled him to do so, or have sued for specific performance on his part.

There is a line of cases holding that where a party obligates himself to convey a described boundary or tract of land and the other party to the contract insists on performance, he is entitled to have performance according to the terms of the contract, or, if the vendor cannot comply with his contract, he may have what he can get and damages or abatement in the purchase price as compensation for what he cannot get. McConnell v. Dunlap, Hardin 44; Rankin v. Maxwell, 2 A. K. Mar., 488; Jones v. Shakelford, 2 Bibb, 410.

But the principle announced in these cases is not applicable to and does not control the performance of the contract between the parties to this suit. The Dixons did not agree to convey Haag anything nor could they demand that he take the land or any part of it. It was entirely optional with Haag whether he purchased the land or not. Of course this option gave him the right to elect to take the land, and this right of election carried with it the right to compel the Dixons to convey according to the terms of the contract, but this is all.

When a party takes an option knowing at the time what the party giving the option has the right to convey and what he has not, and when there is no fraud, concealment or mis-representation on the part of the person giving the option, the one taking the option cannot, when he chooses to elect, require the party giving it to do more than comply with the terms of the contract.

If the Dixons had contracted to convey to Haag their farm of 392 acres, and he tendered performance on his part, the court would compel them to convey what they had title to and abate the purchase price as to the remainder, but a party who takes an option with his eyes open is not in a position to demand that the court shall modify the option for his benefit or protection. If he elects to exercise his option he must exercise it according to its terms, and the court will not change his option to the prejudice of the other party. New York Life Ins. Co. v. Levy, 122 Ky., 457.

The judgment of the lower court is affirmed on the appeal and cross appeal.